FLORIAN J. BOHN, BY HIS GUARDIAN HERRMAN VON BIELEFELD, APPELLANT, *v.* FREDERICK C. HAVEMEYER AND OTHERS, RESPONDENTS.

*An employee by continuing to discharge duties known to him to be dangerous, assumes the risks attending them.*

Upon the second floor of a building, in which the defendants conducted their business of sugar refiners, there were a number of large bins for the reception of sugar as it came from the mill upon the floor above, the sugar being conducted through an orifice in the bottom of the bins, about two feet square, to the packing barrels on the floor below. At times the flow of sugar being arrested large quantities of it accumulated in the bins, making it necessary for workmen employed by the defendant to relieve the obstruction by working some implement in the orifice. A large quantity of sugar having accumulated in one of the bins and ceased to flow through the shaft, the foreman of the defendant and the plaintiff went into the bin to remove the obstruction, and succeeded in doing

so, but when the sugar began to descend the subsidence was so sudden and rapid that the foreman and the plaintiff were carried down, the foreman being suffocated and the latter injured.

Upon the trial of this action, brought to recover damages for the injuries so sustained, no proof was given of any defect or insufficiency in the building, or in any of the appliances devoted to the business of the defendants, but the claim was made that the defendants were guilty of negligence in failing to admonish the plaintiff of the danger he encountered when he went into the bin with the foreman to facilitate the down flow of the sugar, and to enjoin upon him cautionary conduct while engaged in the performance of that duty.

*Held,* that the action could not be maintained as the danger attending the performance of the duty was apparent to the plaintiff and within his full knowledge and comprehension, and that in continuing to discharge his duties he acted at his own risk and assumed the perils of his situation.

APPEAL by the plaintiff from a judgment entered upon a verdict rendered at the Kings County Circuit in favor of the defendants.

The action was brought to recover damages for injuries sustained to the plaintiff while employed in the defendants' sugar refinery as a workma

*A. H. Dailey* and *Julius Klamke,* for the appellant.

*Joseph A. Burr, Jr.,* for the respondents.

DYKMAN, J.:

The defendants are sugar refiners and the plaintiff was in their employ. Upon the second floor of the building in which the defendants conducted their business, there was a number of large bins for the reception of sugar as it came from the mill upon the floor above, the third floor of the building, and large quantities of sugar accumulated at times in such bins.

There was an orifice in the bottom of the bins about two feet square opening into a shaft, which conducted the sugar to the packing barrels on the floor below. Sometimes the flow of sugar was arrested, and then it became necessary, to facilitate the same, by working some implement in the orifice, and the plaintiff was engaged in an effort to relieve such an obstruction, and start the down flow through the shaft, when he received the injuries complained of in this action. A large quantity of sugar accumulated in one of the bins and ceased to flow through the shaft, and the foreman and the plaintiff went into the bin to remove the obstruction, and succeeded,

but when the sugar began to descend, the subsidence was sudden and rapid, and the foreman was carried down and suffocated, and the plaintiff also was carried down and injured.

The plaintiff commenced this action for the recovery of his damages, based upon the negligence of the defendants, but the jury rendered a verdict in their favor and the plaintiff has appealed. There is no allegation and no proof of any defect or insufficiency in the building, or any of the appliances devoted to the business of the defendants. Everything was in proper order and condition, and safe and secure and adequate for the work to be performed. But the charge of negligence made against the defendants is based upon their failure to admonish the plaintiff of the danger he encountered when he went into the bin with the foreman to facilitate the down flow of the sugar, and to enjoin upon him cautionary conduct while engaged in the performance of that duty, and the position finds support in the general law of negligence. A master cannot, with impunity, expose his sevants to extraordinary risks which they cannot reasonably foresee, and if the service be complex or dangerous, he must either prescribe rules for its safe management or give explicit warning of defects and dangers. Yet if the danger attending the performance of a duty imposed upon the servant is apparent and within his full knowledge and comprehension, the general rule of liability would have no application, and the servant would continue in the discharge of his duties at his own risk, and thus assume the perils of his situation.

We think this case falls within this exception to the general rule. There was no unknown source of danger in the bin where the plaintiff was ordered with the foreman. Everything was plain and open to his view and comprehension. Whatever disturbance was to take place was to be the result of his own action in conjunction with the foreman. He knew there would be a subsidence of the sugar if their efforts were successful, and that their safety would depend upon their own care and caution. If they remained in the center of disturbance after the sugar commenced to fall in they might be drawn into the vortex, and if they placed themselves at a proper distance they would be safe and free from danger. If they found it impossible to succeed in their task without placing themselves in peril, it was their privilege and duty to retire, and it was their own

negligence and folly to jeopardize their personal safety. Having, therefore, persisted in their efforts, with a full knowledge of the dangers they encountered, they cannot now charge the defendants with the unfortunate results of such persistence, and the jury was justified in the rendition of the verdict for the defendants. Some exceptions were taken by the plaintiff to the exclusion of testimony during the trial, but most of them relate to the question of damages, and as we find the plaintiff had no cause of action, they become now immaterial. The exceptions to the charge have received examination and have been found unmeritorious.

The judgment should be affirmed, with costs.

BARNARD, P. J., and PRATT, J., concurred.

Judgment and order denying new trial affirmed. with costs.